JAMES SODEN

v

JOHN D. SODEN et ux.

Where a fund was to be invested during the lifetime of a widow, and then to be paid over to a remainderman—*Held*, that a remainderman is, as to his share of the fund, to be regarded as a creditor as against whose claim therefor a voluntary conveyance of lands may be set aside, although made during the lifetime of the tenant for life.

Creditor's bill.   On final hearing on pleadings and proofs.

*Mr. D. A. Storer*, for complainant.

THE CHANCELLOR.

This suit is brought to set aside as fraudulent as against the complainant's judgment, which is against the defendant John D. Soden, two deeds made in 1875, for the homestead farm of the latter, whereby (for a nominal consideration, according to the deeds) that property was transferred by him to his wife. The complainant's judgment was not recovered, however, until 1879. The claim on which it is based is for the complainant's share of the residue of the estate of William Soden, deceased. The money which constituted the residue was in the hands of the executors (of whom John D. Soden was one), in 1873. They were bound to invest it and keep it invested during the life of the testator's widow, who was entitled to the interest. There was, at the time the deeds were given, a liability on the part of the executors to pay the principal after her death. She died three or four years ago. A voluntary conveyance, by John D. Soden, of his property, would not be valid against this claim of the residuary legatees for the residuum. They are to be regarded as creditors, whose claims existed prior to and at the time of the making of the conveyances in question, which, as before stated, was in 1875.

That these conveyances, which were a deed from the defend-
ants to Garret Forman, and a deed from the latter and his wife
to Mrs. Soden, were wholly voluntary, there is no room to doubt.
They each purport to be made for the consideration of $1.
By the answer, the true consideration of the deeds is alleged
to have been the relinquishing by Mrs. Soden (by joining in the
deed for the property) of her inchoate dower in certain premises
conveyed by her husband to Thomas Keyes, in 1869. By the
proof the defendant set up another consideration also, money,
which they say was from time to time earned by Mrs. Soden,
and given over to her husband, and used by him, and which he
promised to repay her. Without entering on the considerations
appropriate to the merits of this defence, if it were allowable, it
is enough to say that inasmuch as it is not set up in the answer,
it cannot be considered. *Chandler* v. *Herrick, 3 Stock. 497 ;
Mead* v. *Coombs, 11 C. E. Gr. 173.* As to the defence set up by
the answer, the fact appears that the property conveyed to Keyes
was encumbered beyond its value by mortgages, in which Mrs.
Soden had joined. The consideration of the conveyance was the
assumption, by Keyes, of the mortgages, but Soden was to pay him
$150, or thereabouts. Her inchoate dower, therefore, was of no
value. Again, that conveyance was made six years before the
transfer of the property in question. It does not appear that
any consideration whatever was mentioned when the convey-
ances for that transfer were executed. Forman, who drew the
deeds, says that all he knew about the object of the transfer was
that it was to put the title in Mrs. Soden, and that the only con-
sideration, so far as he knows, is that mentioned in the deeds ;
and he further says that neither Soden nor his wife has ever, at
any time, or in any manner, stated to him, or in his presence, the
object in making those deeds. Soden, in his testimony, says that
he had agreed to convey the property to his wife in order to
repay her the money she had advanced to him, and that in
making the conveyance he had no other purpose except to secure
the repayment of those moneys to her. There is not, and there
never was, any written evidence of the alleged agreement to con-
vey the property in consideration of the relinquishment of the

N. J. and N. E. Telegraph Co. *v.* Fire Commissioners.

inchoate dower. Mrs. Soden says that no one except herself and her husband was present when it was made. Mr. Keyes knows nothing of the existence of any objection on the part of Mrs. Soden to signing the deed to him. The transfer to her was not made, as before suggested, for six years after the alleged agreement, and it is most noteworthy that it was not made until a few days before the return-day of a rule upon Soden to show cause why he should not be attached for contempt for not accounting, pursuant to citation, for the residue which was in his hands. The rule was served on him on the 16th of January, and the transfer was made on the 20th. The rule required him to show cause on the 28th. The principle upon which the cases of *Post* v. *Stiger, 2 Stew. Eq. 554,* and *Clark* v. *Rosenkrans, 4 Stew. Eq. 665,* were decided, is applicable to and will govern the decision of this. There will be a decree for the complainant, accordingly.